IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS L. DAVIS,

    Plaintiff,

                                        Civil Action 2:20-cv-843
                                        Judge Sarah D. Morrison
    v.                                  Magistrate Judge Elizabeth P. Deavers

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.

## ORDER

    This matter is before the Court for consideration of the Motion of Defendant Massachusetts Mutual Life Insurance Company to File Motion for Summary Judgment and Motion to Exclude Expert Testimony Under Seal and Memorandum in Support.  (ECF No. 53.) Defendant Massachusetts Mutual Life Insurance Company ("MassMutual") seeks leave to file its forthcoming Motion for Summary Judgment and Motion to Exclude Expert Testimony under seal.  (*Id.*)

    It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978).  A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition."  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the

"strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305).

Here, MassMutual seeks to keep under seal a Motion for Summary Judgment and Motion to Exclude Expert Testimony that "may be containing personal and sensitive medical information in this matter." (ECF No. 53.) MassMutual notes that "exhibits attached to both motions also may contain personal medical information, including the outcome of certain testing." (*Id.*) The Court finds that protecting such information outweighs the public's interest

2

in disclosure of these materials in this case.  *Shane Grp., Inc.*, 825 F.3d at 305; *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474, 477.  The Court also finds that MassMutual's proposal is narrowly tailored and no broader than necessary to protect the information at issue.  *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 939 (citations and internal quotation marks omitted); *Shane Grp., Inc.*, 825 F.3d at 306.

Accordingly, for good cause shown, the Motion of Defendant Massachusetts Mutual Life Insurance Company to File Motion for Summary Judgment and Motion to Exclude Expert Testimony Under Seal and Memorandum in Support, ECF No. 53, is **GRANTED**.  MassMutual is hereby **GRANTED LEAVE TO FILE UNDER SEAL** their forthcoming Motion for Summary Judgment and Motion to Exclude Expert Testimony.  MassMutual is also **DIRECTED** to file a redacted version of the Motions **WITHIN SEVEN (7) DAYS** of the filing of the Motions on the public docket.

**IT IS SO ORDERED**.

Date: May 27, 2022  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**